IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JUDY LAURENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4319-CV-C-NKL |
| | ) |
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Pending before the Court is Plaintiff Judy Laurence's ("Laurence") Motion to Remand [Doc. # 9] and Defendant Eli Lilly and Co.'s ("Eli Lilly") Motion to Stay All Proceedings Pending Transfer to the MDL Court [Doc # 17]. For the reasons set forth below, Laurence's Motion to Remand will be granted.

**1.  Background**

This action is one of many filed in Missouri and elsewhere around the country involving Eli Lilly's prescription drug Zyprexa. Approximately 160 such cases have been filed in Missouri state courts to date, several of which have been removed to this Court. In many of these cases, the plaintiffs have joined the prescribing doctors as defendants, almost all of whom are Missouri residents like the plaintiffs themselves. Thus, a preliminary issue in many of these cases is whether the prescribing physicians are

1

proper defendants, or whether they have been fraudulently joined merely to defeat this Court's diversity jurisdiction.

In the instant case, Laurence moves that the case be remanded to state court for lack of removal jurisdiction since Defendants Ali Abbas and Mazher Hussain ("Defendant Physicians") are citizens of the state in which the state case was filed and since both Defendant Physicians and Laurence are citizens of the same state. Eli Lilly, who removed the case, resists the Motion to Remand by claiming that Defendant Physicians have been fraudulently joined or fraudulently misjoined for the sole purpose of defeating this Court's diversity jurisdiction.

Eli Lilly urges the Court to refrain from deciding the Motion to Remand pending the transfer of this case to the Multidistrict Litigation Court ("MDL") for Zyprexa cases before the Honorable Jack B. Weinstein in the United States District Court for the Eastern District of New York. Eli Lilly contends that the MDL court could more uniformly decide whether the doctors in all 160 Missouri cases have been fraudulently joined. Eli Lilly cites a Second Circuit opinion from a case involving Agent Orange in which that court held that pending jurisdictional questions did not preclude transfer to the MDL court where the jurisdictional issues could be consolidated and decided together. *See In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990). However, that case considered only whether the MDL court had jurisdiction to decide the pending jurisdictional issues. Plaintiffs who had lost their motions to remand sought a writ of mandamus blocking the transfer to the MDL court, arguing a lack of subject matter jurisdiction. The Second Circuit's holding, while

approving of the consolidated resolution of jurisdictional issues before the MDL court, did not hold that jurisdictional issues must be decided by the MDL court, nor even that they were better decided there. *In re Ivy* says only that such issues may be decided by the MDL court.

Eli Lilly contends that a single MDL court resolution to the hundreds of pending motions to remand in cases around the country would promote judicial economy. This argument overlooks the fact that fraudulent joinder analysis, as will be discussed below, depends largely on whether the forum state would sustain a cause of action against the allegedly fraudulently joined defendant. Thus, there could be no single resolution of the fraudulent joinder issue by the MDL court since that court would be required to look at the separate law of each state from which its cases were transferred. The same alleged conduct supporting a cause of action against a physician in Missouri may not be sustained under Illinois law or vice versa. Far from fostering judicial economy, consolidation of motions to remand in the MDL court would require the U.S. District Court for the Eastern District of New York to consider not only the malpractice law of several states, but also the current law on fraudulent joinder from the several Circuit Courts of Appeals. A U.S. District Court in Missouri is in a much better position to determine the law of the Eighth Circuit and of its forum state, both of which it routinely applies in other cases.

Moreover, resolution by this Court of the Fraudulent Joinder issue would actually promote judicial economy in the MDL. If this Court finds joinder is fraudulent, it will sever any non-diverse defendant physician before transfer, freeing the MDL court from

3

delving into myriad jurisdictional issues involving Missouri state law. If this Court finds that the non-diverse physicians have not been fraudulently joined, it will remand the case to the only court with proper jurisdiction. In either event, the efficient resolution of other issues before the MDL court is advanced. Finding greater economy in the immediate resolution of the fraudulent joinder issue, this Court will deny Eli Lilly's Motion to Stay and rule on the pending Motion to Remand.

### 2. Fraudulent Joinder Analysis

The Eighth Circuit has held that when a state court case with non-diverse parties is removed to federal court, "the petitioner may avoid remand . . . only by demonstrating that the non-diverse party was fraudulently joined." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). That court articulated the standard for determining fraudulent joinder as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. . . . However, if there is a "colorable" cause of action–that is, if the state law *might* impose liability on the resident defendant under the facts alleged–then there is no fraudulent joinder. . . . [J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Id.* at 810 (emphasis in original) (internal quotations omitted). Moreover, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 811. Finally, "in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand

4

but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Public Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977).

The question before this Court, then, is whether Missouri law might impose liability on the Defendant Physicians for the conduct alleged in Laurence's petition. The malpractice claims against the Physicians charge that they should have known the risks of taking Zyprexa and that they should have warned Laurence of them when they prescribed the drug to her. In paragraph 14 of her petition, Laurence alleges that hundreds of reports were made to the FDA regarding adverse reactions to Zyprexa, including diabetes-related illnesses. *See* Compl. ¶ 14. She alleges that these reports were added to the FDA Medwatch database, *id.*, to which the Physicians could have had access. Thus, she has alleged that Defendant Physicians could have discovered – and should have known – of Zyprexa's risks and should have adequately warned her of those risks. Her complaint also avers that the Physicians were negligent in failing to adequately monitor Laurence as her glucose abnormalities developed, and in failing to properly follow drug packaging information. Compl. ¶ 54. Finally, Laurence alleges in the alternative that if Eli Lilly did properly inform the Physicians of Zyprexa's risks, then the Physicians were negligent in failing to properly evaluate, diagnose, and treat her side effects. Compl. ¶ 55.

Missouri law imposes on physicians a duty to monitor during the course of treatment. *See Silberstein v. Berwald*, 460 S.W.2d 707, 709 (Mo. 1970) (holding that Missouri law requires the physician "give heed to symptoms subsequent to an operation

5

or treatment, and give or prescribe such method of treatment which the situation demands and as would commend itself to the ordinary, prudent, careful, and skillful physician and surgeon."). The duty to monitor probably extends to a patient's use of a prescribed drug. Viewing Laurence's allegations in the light most favorable to her, the Court concludes that Missouri law might impose liability on the Defendant Physicians.

Even if Laurence's complaint does state a cause of action against Defendant Physicians, Eli Lilly argues that joinder is still fraudulent because the complaint contains mutually exclusive pleadings. Specifically, Laurence avers first that Eli Lilly withheld information about Zyprexa from Defendant Physicians; that the Physicians had a right to rely on Ely Lilly's statements, representations, and advertisements; and that Defendant Physicians had no knowledge or reason to know of Eli Lilly's alleged failure to warn or its alleged misrepresentations. Later in her complaint, Laurence avers that Defendant Physicians negligently prescribed Zyprexa and failed to warn Laurence of its health risks. Eli Lilly maintains that Laurence cannot possibly prevail against Defendant Physicians because her allegations of their negligence are specifically negated by her allegations against Eli Lilly. By way of support, Eli Lilly cites a handful of District Court opinions holding that a doctor had been fraudulently joined in a products liability action involving a pharmaceutical where the complaint alleged that the drug manufacturer concealed the truth and yet also averred that the doctor had reason to know the truth. *See e.g., Baisden v. Bayer Corp.*, 275 F. Supp. 2d 759, 762 (S.D.W.Va. 2003); *Flores v. Merck & Co.*, Civ. Action No. C-03-362, slip op. at 2 (S.D. Tex. Mar. 15, 2004) (in-state doctor defendants

6

fraudulently joined where "Plaintiffs make conclusory, general allegations of negligence against [in-state doctors] which they fail to support with specific, underlying facts."); *Spier v. Bayer Corp.* (*In re Baycol Prods. Litig.*), MDL No. 1431, 02-4846, 2003 WL 21223842, at *2 (D. Minn. May 27, 2003) (denying motion to remand where conclusory allegations that non-diverse prescribing doctor knew or should have known of medicine's alleged risks were not supported by factual assertions).

It is true that Laurence's allegations against Eli Lilly and Defendant Physicians are most likely incompatible: if Eli Lilly misrepresented the dangers of Zyprexa, then the Physicians were probably not negligent in failing to warn about those dangers. However, the Federal Rules of Civil Procedure permit pleading in the alternative. *See* Fed. R. Civ. P. 8(e)(2) ("A party may also state as many separate claims or defenses as the party has regardless of consistency . . . ."); *see also Garman v. Griffin*, 666 F.2d 1156, 1159 (8th Cir. 1981). It is possible that discovery may yield evidence showing that Eli Lilly had warned Defendant Physicians of the dangers of Zyprexa and that they were negligent in not transmitting such warnings to Laurence. Indeed, the inability of a plaintiff to know at the time of pleading which, if any, parties are liable for her injuries is the reason alternative pleading is allowed.

Eli Lilly maintains that while the Federal Rules permit pleading in the alternative, they do not permit bare conclusory allegations. This may be true, but Laurence's complaint goes further than alleging that Defendant Physicians should have known of Zyprexa's side effects. She also alleges, for example, that Defendant Physicians failed to

7

diagnose the condition that allegedly resulted from taking Zyprexa, Compl. ¶ 36, failed to monitor Laurence after prescribing Zyprexa, and failed to follow drug packaging, Compl. ¶¶ 54-55.  Given the independent sources of negligence alleged against Defendant Physicians, and given the minimal requirements of notice pleading under the Federal Rules and the policy reasons for allowing alternative pleading, the Court does not believe that Laurence's allegations against Eli Lilly preclude her alternative allegations against Defendant Physicians.  Therefore, the Court concludes that Defendant Physicians have not been fraudulently joined.

### 3. Fraudulent Misjoinder Analysis

Finally, Eli Lilly argues that Defendant Physicians were also fraudulently misjoined under Fed. R. Civ. P. 20 because the claims against them do not arise out of the same transaction or occurrence as the claims against Eli Lilly.  Essentially, Eli Lilly argues that a products liability claim turns on the safety of the drug while the malpractice claim turns on the conduct of the doctors.  As such, Eli Lilly claims that the causes of action against Defendant Physicians cannot be joined with those against Eli Lilly as a matter of law under Rule 20 because there are no common issues of law or fact.

The only support offered for this argument is another District Court opinion from New York and a Virginia state trial judge's order, both of which held that products liability claims against drug manufacturers had been misjoined with negligence claims against the prescribing doctors.  In *In re Rezulin Prod. Liab. Litig.*, 2003 WL 21276425, No. 00 CV 2843 (S.D.N.Y. June 2, 2003), the District Court severed and remanded the

8

defendant doctor from the federal case on the magistrate judge's report and recommendation that claims against the doctor for failure to monitor the patient for liver damage had "little if anything to do with" the claims against the manufacturer for defects in the drug. *Id.* at *1. In *Lee v. Mann*, 2000 WL 724046, No. LE-424-1 (Va. Cir. Ct. Apr. 5, 2000), the trial judge found without any explanation that actions against the doctor and a drug manufacturer did not arise out of the same transaction or occurrence.

This Court is not persuaded that the instant Defendants have been misjoined. Laurence has sued her doctors and the manufacturer of the drug that they prescribed for personal injuries allegedly resulting from her treatment with the drug. Who, if anyone, is liable for those injuries may turn on whether Eli Lilly withheld information from the Defendant Physicians or whether the Physicians withheld information from Laurence. Since Defendant Physicians could not have negligently withheld from Laurence that which was withheld from them by Eli Lilly, the chain of communication–and any breaks in it–from the drug manufacturer to the patient is a common issue of fact. Moreover, whether Defendant Physicians' alleged failure to monitor or diagnose Laurence's side effects was negligent may turn on what information they were given by Eli Lilly about the drug's potential side effects. The Court therefore concludes that the claims against all three Defendants arise from the same series of transactions or occurrences and may be joined under Fed. R. Civ. P. 20.

**4.    Remand**

9

As the Court has concluded that Defendant Physicians are proper defendants, at least at this state of the litigation, it must remand the case back to state court. Under 28 U.S.C. § 1441, a defendant in a state case may remove to U.S. District Court an action which could have been brought originally in District Court, but only if all the defendants agree to removal and none of them is a citizen of the state in which the state court suit was filed. Laurence originally filed this case in Cole County Circuit Court in Cole County, Missouri. Her case was removed by Eli Lilly by invoking this Court's diversity jurisdiction under 28 U.S.C. 1332. That removal was improper (1) because Defendant Physicians did not consent to it, (2) because Defendant Physicians, as citizens of the state in which the state action was brought, cannot be removed to federal court under 28 U.S.C. § 1441, and (3) because the common Missouri citizenship among Laurence and Defendant Physicians deprives this Court of its diversity jurisdiction. The case will therefore be remanded to state court for further proceedings.

Accordingly, it is hereby

ORDERED that Defendant Eli Lilly's Motion to Stay All Proceedings Pending Transfer to the MDL Court [Doc # 17] is DENIED, and it is

ORDERED that Plaintiff's Motion to Remand [Doc. # 9] is GRANTED. The above captioned case is REMANDED to the Cole County Circuit Court in Cole County, Missouri.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY

United States District Judge

Dated: <u>December 22, 2005</u>
Jefferson City, Missouri